`UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE THE HONORABLE JENNIFER CHOE-GROVES, JUDGE

| | |
|---|---|
| MAQUILACERO S.A. DE C.V. AND TECNICAS DE FLUIDOS S.A. DE C.V., <br><br>  Plaintiffs, <br><br> PRODUCTOS LAMINADOS DE MONTERREY S.A. DE C.V., <br><br>  Plaintiff-Intervenor, <br><br> v. <br><br> UNITED STATES, <br><br>  Defendant, <br><br> NUCOR TUBULAR PRODUCTS INC., <br><br>  Defendant-Intervenor. | **Court No. 25-00176** |

## MOTION FOR JUDGMENT ON THE AGENCY RECORD

Pursuant to Rule 56.2 of the Rules of the U.S. Court of International Trade, Plaintiff-Intervenor, Productos Laminados de Monterrey S.A. de C.V. ("Prolamsa") hereby submits this Motion for Judgment on the Agency Record and accompanying Memorandum of Points and Authorities to challenge the final results issued by the U.S. Department of Commerce ("Commerce") in the administrative review of the antidumping duty order on Light-Walled Rectangular Pipe and Tube ("LWRT") from Mexico covering the period of review from August 1, 2022 to July 31, 2023. *See Light-Walled Rectangular Pipe and Tube from Mexico: Final Results of Antidumping Duty Administrative Review; 2022–2023*, 90 Fed. Reg. 25232 (Dep't Commerce June 16, 2025) ("Final Results") (P.R. 172), as amended by *Light-Walled Rectangular Pipe and*

*Tube and Mexico: Amended Final Results and Partial Recission of Antidumping Duty Administrative Review; 2022-2023*, 90 Fed. Reg. 38751 (Dep't Commerce Aug. 12, 2025) (P.R. 186).

If Commerce recalculates the final dumping margin for Plaintiffs Maquilacero S.A. de C.V. ("Maquilacero") and Tecnicas de Fluidos S.A. de C.V. ("TEFLU") (collectively, "Maquilacero/TEFLU") as a result of this litigation, it must redetermine the all-others rate applicable to Prolamsa. Prolamsa incorporates by reference the arguments made by Maquilacero/TEFLU to the extent those arguments impact the all-others rate.

For the reasons set forth in the accompanying Memorandum of Points and Authorities, Plaintiff-Intervenor hereby moves that the Court grant this motion for judgment on the agency record.

A proposed order is attached.

          Respectfully submitted,

          /s/ David E. Bond
          David E. Bond
          Allison Kepkay
          Cristina M. Cornejo

          WHITE & CASE LLP
          701 Thirteenth Street, N.W.
          Washington, D.C. 20005
          (202) 626-3600

          Counsel to Productos Laminados de Monterrey S.A. de C.V.

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE THE HONORABLE JENNIFER CHOE-GROVES, JUDGE

| | |
|---|---|
| MAQUILACERO S.A. DE C.V. AND TECNICAS DE FLUIDOS S.A. DE C.V., <br><br> Plaintiffs, <br><br> PRODUCTOS LAMINADOS DE MONTERREY S.A. DE C.V., <br><br> Plaintiff-Intervenor, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant. <br><br> NUCOR TUBULAR PRODUCTS INC., <br><br> Defendant-Intervenor. | Court No. 25-00176 |

**MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION
FOR JUDGMENT ON THE AGENCY RECORD**

White & Case LLP
701 Thirteenth Street, N.W.
Washington, D.C. 20005
(202) 729-2307

Counsel to Productos Laminados de
Monterrey S.A. de C.V.

January 6, 2026

**TABLE OF CONTENTS**

I. STATEMENT PURSUANT TO USCIT R. 56.2(C) ............................................................. 1

    A. Administrative Determination Sought to Be Reviewed ............................................. 1

    B. Question Presented and Summary of Argument ......................................................... 2

        1. Whether Commerce Should Recalculate Prolamsa's Assigned Dumping Margin If Plaintiff's Rate Changes Due to This Litigation ......................... 2

II. FACTS ................................................................................................................................ 2

III. ARGUMENT ...................................................................................................................... 3

    A. Standard of Review ...................................................................................................... 3

    B. Commerce Must Recalculate the All-Others Rate Assigned to Non-Selected Companies, Including Prolamsa, If Plaintiff's Final Weighted-Average Dumping Margin Changes as a Result of the Court's Ruling .................................... 4

IV. CONCLUSION ................................................................................................................... 5

## TABLE OF AUTHORITIES

**Page(s)**

### CASES

*Linyi Chengen Imp. & Exp. Co. v. United States*,
    391 F. Supp. 3d 1283 (Ct. Int'l Trade 2019) ..............................................................4, 5

*Micron Tech. Inc. v. United States*,
    117 F.3d 1386 (Fed. Cir. 1997)..........................................................................................3

*United States Steel Corp. v. United States*,
    348 F. Supp. 3d 1248 (Ct. Int'l Trade 2018) ..................................................................3, 4

### STATUTES & REGULATIONS

19 U.S.C. § 1516a(b)(1)(B)(i)...................................................................................................3

19 U.S.C. § 1673d(c)(5)............................................................................................................4

### ADMINISTRATIVE DETERMINATIONS

*Light-Walled Rectangular Pipe and Tube and Mexico: Initiation of Antidumping and Countervailing Duty Administrative Reviews*,
    88 Fed. Reg. 71829 (Dep't Commerce Oct. 18, 2023) ......................................................2

*Light-Walled Rectangular Pipe and Tube from Mexico: Preliminary Results and Intent to Rescind, in Part, of Antidumping Duty Administrative Review; 2022–2023*,
    89 Fed. Reg. 74916 (Dep't Commerce Sept. 13, 2024)..................................................3, 4

*Light-Walled Rectangular Pipe and Tube From Mexico: Final Results of Antidumping Duty Administrative Review; 2022–2023*,
    90 Fed. Reg. 25232 (Dep't Commerce June 16, 2025) ..................................................2, 4

*Light-Walled Rectangular Pipe and Tube and Mexico: Amended Final Results and Partial Recission of Antidumping Duty Administrative Review; 2022-2023*,
    90 Fed. Reg. 38751 (Dep't Commerce Aug. 12, 2025).......................................................2

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE THE HONORABLE JENNIFER CHOE-GROVES, JUDGE

MAQUILACERO S.A. DE C.V. AND
TECNICAS DE FLUIDOS S.A. DE C.V.,

        Plaintiffs,

PRODUCTOS LAMINADOS DE
MONTERREY S.A. DE C.V.,

        Plaintiff-Intervenor,

        v.

UNITED STATES,

        Defendant,

NUCOR TUBULAR PRODUCTS INC.,

        Defendant-Intervenor.

**Court No. 25-00176**

**MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION
FOR JUDGMENT ON THE AGENCY RECORD**

**I.    STATEMENT PURSUANT TO USCIT R. 56.2(C)**

    **A.    Administrative Determination Sought to Be Reviewed**

Plaintiff-Intervenor, Productos Laminados de Monterrey S.A. de C.V. ("Prolamsa"), a foreign producer and exporter of light-walled rectangular pipe and tube ("LWRT"), submits this memorandum in support of its Motion for Judgment on the Agency Record pursuant to USCIT Rule 56.2.

Plaintiff-Intervenor, Prolamsa, seeks review of the final results of the 2022-2023 administrative review of the antidumping duty ("ADD") order on LWRT from Mexico. The period of review ("POR") for this administrative review covered August 1, 2022, through July 31, 2023.

The Department of Commerce ("Commerce") published the final results of the review on June 16, 2025, in *Light-Walled Rectangular Pipe and Tube From Mexico: Final Results of Antidumping Duty Administrative Review; 2022–2023*, 90 Fed. Reg. 25232 (Dep't Commerce June 16, 2025) ("*Final Results*") (P.R. 172), and accompanying Issues and Decision Memorandum ("*Final IDM*") (P.R. 171), as amended by *Light-Walled Rectangular Pipe and Tube and Mexico: Amended Final Results and Partial Recission of Antidumping Duty Administrative Review; 2022-2023*, 90 Fed. Reg. 38751 (Dep't Commerce Aug. 12, 2025) (P.R. 186). In the *Final Results*, Commerce calculated a weighted-average dumping margin of 9.88% for all non-selected companies, including Prolamsa, *i.e.*, the all-others rate. *See* Final Results, 90 Fed. Reg. at 25232.

    **B.**    **Question Presented and Summary of Argument**

        **1.**    **Whether Commerce Should Recalculate Prolamsa's Assigned Dumping Margin If Plaintiff's Rate Changes Due to This Litigation**

If Commerce recalculates Plaintiff's dumping margin as a result of this litigation, on remand, it must follow its established practice and recalculate Prolamsa's assigned dumping margin, *i.e.* the all-others rate, to reflect those changes.

**II.**    **FACTS**

Prolamsa is a producer and exporter of LWRT subject to the ADD order at issue. On August 31, 2023, Prolamsa filed an administrative review request for entries made from August 1, 2022 through July 31, 2023. *See* Letter from White & Case LLP to the U.S. Dep't of Commerce, re: *Light-Walled Rectangular Pipe and Tube from Mexico: Request for Administrative Review*, (A-201-836) (August 31, 2023) (P.R. 4). On October 18, 2023, Commerce initiated this administrative review, covering entries from August 1, 2022 through July 31, 2023. *See Initiation of Antidumping and Countervailing Duty Administrative Reviews*, 88 Fed. Reg. 71829, 71831 (Dep't Commerce Oct. 18, 2023) (P.R. 15). On October 23, 2023, Prolamsa filed an entry of

appearance and an application for an administrative protective order. *See* White & Case LLP, Entry of Appearance, (A-201-836) (October 23, 2023) (P.R. 19); White & Case LLP, Administrative Protective Order Application, (A-201-836) (October 23, 2023) (P.R. 20). On November 8, 2023, Commerce selected the mandatory respondents in this review: Maquilacero S.A. de C.V. ("Maquilacero") and Tecnicas de Fluidos S.A. de C.V. ("TEFLU") (collectively, "Maquilacero/TEFLU") and Perfiles LM, S.A. de C.V. *See Respondent Selection* (Nov. 8, 2023) (C.R. 3, P.R. 23).

On September 9, 2024, Commerce issued its preliminary results. *See Light-Walled Rectangular Pipe and Tube from Mexico: Preliminary Results and Intent to Rescind, in Part, of Antidumping Duty Administrative Review; 2022–2023*, 89 Fed. Reg. 74916 (Dep't Commerce Sept. 13, 2024) ("Preliminary Results") (P.R. 120), and accompanying Preliminary Issues and Decision Memorandum ("*PDM*") (P.R. 115). To calculate the preliminary all-others rate for non-selected companies, Commerce used "an estimated weighted-average dumping margin based on the average of the two individually examined respondents' rates weighted by their publicly available ranged U.S. sales values." *PDM* at 5. As a non-selected company, Prolamsa was subject to the resulting preliminary all-others rate of 13.73%. Preliminary Results, 89 Fed. Reg. at 74,918.

On June 10, 2025, Commerce issued its Final Results. Final Results, 90 Fed. Reg. at 25232. Once again, as a non-selected company, Prolamsa is subject to the all-others rate of 9.88% published in the Final Results. *Id*. Commerce's calculation methodology for the all-others rate was unchanged in the Final Results. *See Final IDM* at 32.

### III. ARGUMENT

#### A. Standard of Review

The Court "shall hold unlawful" Commerce's determination if it is "unsupported by substantial evidence on the record, or otherwise not in accordance with law." 19 U.S.C.

§ 1516a(b)(1)(B)(i); *see also Micron Tech. Inc. v. United States*, 117 F.3d 1386, 1393 (Fed. Cir. 1997). "In order to act in accordance with law, Commerce must follow its established practice or explain why it is reasonable for it to deviate from its practice." *United States Steel Corp. v. United States*, 348 F. Supp. 3d 1248, 1260 (Ct. Int'l Trade 2018).

> B.  **Commerce Must Recalculate the All-Others Rate Assigned to Non-Selected Companies, Including Prolamsa, If Plaintiff's Final Weighted-Average Dumping Margin Changes as a Result of the Court's Ruling**

If Commerce recalculates the weighted-average dumping margin for Maquilacero/TEFLU as a result of this litigation, the Court should also require Commerce to revise the all-others rate final antidumping duty margin assigned to Prolamsa, which was not selected for individual examination during the underlying review.

Relying on 19 U.S.C. § 1673d(c)(5) for guidance, which provides instructions for calculating the all-others rate in a market economy investigation, Commerce has a well-established practice of assigning an all-others dumping margin to non-selected companies based on the average of the individually examined respondents' rates as long as the respondents' rates are above *de minimis* and not based solely on facts available. *See PDM* at 4–5. Accordingly, in this review, Commerce assigned Prolamsa, as a non-selected company, "an estimated weighted-average dumping margin based on the average of the two individually examined respondents' rates weighted by their publicly available ranged U.S. sales values." *PDM* at 5; *see also Final IDM* at 32.

"Commerce has a practice of revising the all-others rate when mandatory respondent rates change in the course of judicial review, even when the plaintiff does not raise a challenge to the all-others rate in its complaint or during remand proceedings." *United States Steel Corp.*, 348 F. Supp. 3d at 1254. Accordingly, when a party raises the all-others rate in its Rule 56.2 motion for judgment on the agency record, this Court has instructed Commerce to recalculate the all-others

4

rate if the rates of the mandatory respondents change due to the litigation. *See e.g.*, *Linyi Chengen Imp. & Exp. Co. v. United States*, 391 F. Supp. 3d 1283, 1297 (Ct. Int'l Trade 2019) ("Because the court remands the Final Determination with respect to Commerce's calculation of Linyi Chengen's rate, as stated above, the court grants the Separate Rate Respondents' Rule 56.2 motions for judgment on the agency record. Commerce is instructed on remand to reconsider the rate applied to the Separate Rate Respondents based on any changes to Linyi Chengen's margin on remand.").

Therefore, if this Court determines that the calculation of the final antidumping duty rate assigned to Maquilacero/TEFLU was unsupported by substantial evidence and otherwise not in accordance with law, Commerce's calculation of the all-others rate assigned to Prolamsa as a non-selected company, which was based on Maquilacero/TEFLU's final antidumping rate, was likewise unsupported by substantial evidence and otherwise not in accordance with law, and thus this Court should order Commerce to recalculate the all-others rate for non-selected companies in the administrative review, including Prolamsa.

## IV.    CONCLUSION

For the reasons set forth above, the Final Results issued by Commerce in the administrative review involving LWRT from Mexico are not supported by substantial evidence and/or are not otherwise in accordance with law. Plaintiff-Intervenor respectfully requests that the Court remand this case to Commerce with instructions to recalculate Plaintiff-Intervenor's final weighted-average dumping margin in a manner consistent with the Court's opinion.

## UNITED STATES COURT OF INTERNATIONAL TRADE
## BEFORE THE HONORABLE JENNIFER CHOE-GROVES, JUDGE

| | |
|---|---|
| MAQUILACERO S.A. DE C.V. AND TECNICAS DE FLUIDOS S.A. DE C.V., <br><br>           Plaintiffs, <br><br>PRODUCTOS LAMINADOS DE MONTERREY S.A. DE C.V., <br><br>           Plaintiff-Intervenor, <br><br>           v. <br><br>UNITED STATES, <br><br>           Defendant. <br><br><br>NUCOR TUBULAR PRODUCTS INC., <br><br>           Defendant-Intervenor. | Court No. 25-00176 |

## ORDER

Upon consideration of the Motion for Judgment on the Agency Record ("Motion") filed by Plaintiff-Intervenor, Productos Laminados de Monterrey S.A. de C.V. ("Prolamsa"), and upon all other papers and proceedings herein, it is hereby

**ORDERED** that Prolamsa's Motion is hereby granted; and it is further

**ORDERED** that, on remand, the U.S. Department of Commerce is instructed to reconsider the rate applied to Prolamsa based on any changes to the margin calculated for Plaintiffs Maquilacero S.A. de C.V. and Tecnicas de Fluidos S.A. de C.V.

**SO ORDERED.**

                                                                                                                     Jennifer Choe-Groves, Judge

Dated: _____, 20\_\_
       New York, New York

## CERTIFICATE OF COMPLIANCE

Pursuant to Chambers Procedure 2(B)(1), the undersigned certifies that this brief complies with the word limitation requirement. The word count for the Memorandum of Points and Authorities in Support of the Motion for Judgment on the Agency Record filed by Productos Laminados de Monterrey S.A. de C.V., as computed by White & Case LLP's word processing system (Microsoft Word 2016), is 1,251 words.

/s/ David E. Bond
David E. Bond